# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Alvarado Ramirez, Sr., <br> Petitioner, <br> v. <br> Charles L Ryan, et al., <br> Respondents. | No. CV-17-04088-PHX-DLR (ESW) <br> **ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 29), Petitioner's objections (Doc. 31), and the State's response to those objections (Doc. 32). The R&R addresses Petitioner's (1) petition under 28 U.S.C. § 2254 for a writ of habeas corpus ("Petition") (Doc. 1), (2) Motion to Dismiss Grounds 1, 2, 3, and 5 (Doc. 18), and (3) First Motion to Amend Petition for Writ of Habeas Corpus (Doc. 19). The R&R recommends that the Court deny the motion to amend, grant the motion to dismiss, and dismiss the Petition with prejudice.

The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. The Court has considered the objections and responses and has reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the R&R to which specific objections are made). For the following reasons, the Court overrules Petitioner's objections and adopts the R&R.

**I. Background**

After being sentenced on April 24, 2012 for the second-degree murder of his wife, Petitioner filed a Notice of Post-Conviction Relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure on September 27, 2012. The PCR, which among other things alleged ineffective assistance of trial counsel, was dismissed as untimely by the trial court in October 2012. The trial court stated: "Defendant cannot raise this [ineffective assistance of counsel] claim in an untimely . . . Rule 32 proceeding . . . ." (Doc. 8-1 at 96.)

Petitioner, proceeding pro se, filed an amended PCR on October 22, 2012. (*Id.* at 97-101.) The trial court appointed PCR counsel, who on April 22, 2013 filed a Notice of Completion or Post Conviction Review wherein he indicated that he found no colorable claim. (*Id.* at 105-06.)

Petitioner, again proceeding pro se, then filed a PCR in July 2013 alleging, among other things, ineffective assistance of trial counsel for not investigating the case, coercing Petitioner into pleading guilty, not explaining to the court the reason for his lengthy absence from the jurisdiction, not raising a constitutional challenge to the delay in prosecution, and not arguing that Petitioner was not competent to stand trial. He did not allege ineffective assistance of PCR counsel. (*Id.* at 109-17.)

On November 26, 2013, the trial court issued a minute entry finding that two of Petitioner's claims for ineffective assistance of counsel were precluded and denying on the merits the non-precluded claims. (*Id.* at 156.) On September 19, 2017, the Arizona Court of Appeals issued its mandate with respect to a memorandum decision wherein it affirmed the trial court's ruling on the PCR. (*Id.* at 158-161.)

On March 19, 2014, Petitioner filed a petition for writ of habeas corpus in state court, which was treated as his third PCR. (*Id.* at 162-69.) Among other things, Petitioner alleged ineffective assistance of trial counsel. This PCR was summarily dismissed as untimely. (*Id.* at 169-70.) The trial court also denied Petitioner's subsequent motion for reconsideration, and the Arizona Court of Appeals affirmed. (*Id.* at 171-73.) The appeals

court denied Petitioner's request for reconsideration, and later the Arizona Supreme Court denied his petition for review. (*Id.* at 184).

On November 6, 2017, Petitioner filed the Petition, alleging: (1) he was denied an *Anders* review in violation of the Fourteenth Amendment; (2) ineffective assistance of counsel based on counsel's failure to request an *Anders* review in state court; (3) his plea agreement violates the Fourteenth Amendment because someone else killed his wife; (4) a claim pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012); and (5) the State failed to investigate the crime in violation of the Fourteenth Amendment. On September 21, 2018, Petitioner filed and lodged a number of documents, including his motion to dismiss grounds 1, 2, 3, and 5 of the Petition, motion to amend the Petition, a declaration from Miguel Alvarado Ramirez, Sr. in support of the motion to amend (Doc. 20), a copy of the proposed First Amended Petition (Doc. 21), a proposed addendum to the First Amended Petition (Doc. 22), and a proposed affidavit from Miguel Alvarado Ramirez, Sr. in support of the First Amended Petition (Doc. 23).

## II. Discussion

### A. Motion to Amend (Doc. 19)

Petitioner seeks leave to file a First Amended Petition that seems to allege "[i]neffective assistance of both post-conviction relief counsel and trial counsel . . . ." (Doc. 19; Doc. 21 at 6.) Petitioner's proposed amended petition takes a different direction than his state court PCR and his original habeas petition. For example, he admits that he was "the major/significant contributor to [the victim's] death." (Doc. 22 at 7.) The amended petition also changes the theory of his ineffective assistance of trial counsel claims. It appears that Petitioner intends to withdraw his claim that trial counsel was ineffective for failing to investigate, for failing to argue that some other person killed the victim, and failing to argue that Petitioner was factually innocent. (Doc. 1 at 6-11; Doc 18; Doc. 19.) Instead, Petitioner's new theory is that trial counsel was ineffective for failing to properly investigate and present mitigation evidence at sentencing. (Doc. 21 at 6; Doc. 22 at 10.) His proposed amended petition alleges that trial counsel was ineffective for not presenting

evidence that his victim was addicted to meth and gambling, and regularly used razors to cur herself. (Doc. 22 at 6, 8-10.) He asserts that such evidence would have resulted in a lesser sentence if trial counsel had presented it at sentencing. (*Id.* at 10.)

"[L]eave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and this policy is to be applied with extreme liberality." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* (quotation and citation omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Petitioner's amended petition would be futile. A petitioner must exhaust federal grounds for relief in state court by presenting each claim to the highest state court, describing both the legal theory and operative facts so that the state court has a fair opportunity to apply controlling legal principles to the facts bearing on his claims, *Anderson v. Harless*, 459 U.S. 4 (1982); *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009). Petitioner has not exhausted the new federal grounds for relief raised in his amended petition. Petitioner has not presented the claim that his trial counsel was ineffective because of his alleged failures during the sentencing portion of Petitioner's case to the state courts. The previous claims pertained to counsel's alleged failures to investigate and argue that "someone else did the crimes" and that Petitioner was "factually innocent." Further, because Petitioner pled guilty and was sentenced nearly seven years ago, these new claims would be precluded in state court. Ariz. R. Crim. P. 32.2(a). It would be futile for Petitioner to return to state court to present the claims contained in his amended petition.

Nor can *Martinez* salvage the amended claims. Petitioner's reliance on *Martinez* is misplaced. Under *Martinez*, attorney ignorance or inadvertence in a collateral postconviction proceeding may qualify as "cause" to excuse a procedural default. *Martinez* has no application to this case.

In Arizona, a person who pleads guilty has the right to file a PCR, known as a Rule 32 of-right proceeding. Ariz. R. Crim. P. 32.1. As a matter of Arizona law, "of-right" PCRs are direct and not collateral. *State v. Ward*, 118 P.3d 1122, 1125-26 (Ariz. Ct. App. 2005). A petitioner is constitutionally entitled to the effective assistance of counsel on his first of-right PCR. *State v. Petty*, 238 P.3d 637, 640 (Ariz. Ct. App. 2010). A PCR petitioner may challenge the effectiveness of counsel who represented him in the first PCR in a successive PCR. "[C]laims of ineffective assistance of Rule 32 of-right counsel" are "precisely the purpose for which that second proceeding was designed." *Osterkamp v. Browning*, 250 P.3d 551, 557 n.5 (Ariz. Ct. App. 2011).

Petitioner pled guilty. His first PCR was "of-right". It was a direct appeal, not a collateral proceeding. *Martinez* applies only to collateral proceedings. Because Petitioner did not file a successive PCR alleging that PCR counsel during his of-right PCR provided ineffective assistance, *Martinez* cannot be used to establish cause to excuse his procedural default. Petitioner has not presented any facts that satisfy the "cause and prejudice" exception to excuse the procedural default of the claim presented in the proposed First Amended Petition. For these reasons, his motion for leave to amend is denied.

**B. Motion to Dismiss Grounds 1, 2, 3 and 5 (Doc. 18)**

Petitioner may request the dismissal of an action only by court order. Fed. R. Civ. P. 41(a)(2). Petitioner argues in his motion that the Grounds 1, 2, 3 and 5 are "patently without merit and have no basis in fact or law." Based on Petitioner's avowal that these grounds are meritless, the Court will grant his motion to dismiss.

**C. Ground 4 of the Petition**

Petitioner concedes that all grounds except Ground 4 should be dismissed with prejudice. Ground 4, which merely states "*Martinez* claim," appears to be a claim of ineffective assistance of PCR counsel. As discussed above, however, that claim is procedurally defaulted without excuse.

//

//

### D. Petitioner's Objections to the R&R

In his objections (Doc. 31), Petitioner does not point to any specific error in the R&R. Petitioner objects to the R&R because he claims he was not informed of the successive Rule 32 of-right collateral process, which he argues "violated his Due Process and Equal Protection rights." (Doc. 31 at 3.) Petitioner's argument seems to be that, as a pro se litigant, the Ground 4's procedural deficiencies should be excused because he did not know that he could claim ineffective assistance of PCR counsel in a second PCR in state court. The status of being a pro se litigant, however, does not establish cause for a procedural default. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 908 (9th Cir. 1986).

If Petitioner's objection is an effort to establish a new due process/equal protection claim, then he runs into the same problem as his other claim: failure to properly exhaust the claim in state court. As discussed above, without proper exhaustion of the claim in state court, it is not appropriate for review in this matter.

For these reasons, the Court accepts the R&R within the meaning of Rule 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that Petitioner's objections (Doc. 31) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Doc.29) is **ACCEPTED** as follows:

1. Petitioner's motion to amend (Doc 19) is **DENIED**.

2. Petitioner's motion to dismiss Grounds 1, 2, 3, and 5 (Doc. 18) is **GRANTED**.

//
//
//
//
//
//
//
//

3. The Petition (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable. The Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 30th day of January, 2019.

Douglas L. Rayes
United States District Judge